

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2008

# USA v. Yusuf

Precedential or Non-Precedential: Precedential

Docket No. 07-3308

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Yusuf" (2008). *2008 Decisions.* Paper 754.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/754

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  07-3308

———————

UNITED STATES OF AMERICA;
GOVERNMENT OF THE VIRGIN ISLANDS,

Appellants

v.

FATHI YUSUF MOHAMMED YUSUF a/ka FATHI YUSUF;
WALEED MOHAMMED HAMED a/k/a WALLY HAMED;
WAHEED MOHAMMED HAMED a/k/a WILLIE YUSUF;
MAHER FATHI YUSUF a/k/a MIKE YUSUF;
ISAM MOHAMAD YOUSUF a/k/a SAM YOUSEF;
UNITED CORPORATION, d/b/a PLAZA EXTRA;
NEJEH FATHI YUSUF

———————

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
No. 05-cr-00015
District Judge:  Hon. Raymond L. Finch

———————

Argued December 11, 2007

Before:  SMITH, NYGAARD and ROTH, Circuit Judges

(Opinion filed June 17, 2008)

**ROTH, <u>Circuit Judge</u>:**

<u>**ORDER AMENDING OPINION**</u>

**IT IS ORDERED** that the published Opinion in the above case, filed on June 17, 2008, be amended as follows:

**On page 18, delete the following sentence:**

Accordingly, we recognize that the Supreme Court's holding in Santos overrules this Court's decision I *United States v. Grasso*, which was relied upon by the District Court. *Grasso*, 381 F.3d 160, 169 (3d Cir. 2004) (holding that "proceeds,' as that term is used in the money laundering statue, means gross receipts [from illegal activity] rather that profits").

**and, at the end of the now-shortened paragraph, insert a new footnote 12, following existing footnote 11, as follows**:

In *Santos*, a four-Justice plurality concluded that, in applying the rule of lenity, the word "proceeds" in the money laundering statute means profits and not, as the government had argued, gross receipts. 128 S. Ct. at 2023-25 (plurality opinion). Justice Stevens, the tie-breaker, took the view in his concurring opinion that, depending on the import of legislative history, proceeds may mean profits as applied to some specified unlawful activities and gross receipts as applied to others. 128 S. Ct. at 2031-32 (Stevens, J., *concurring*); *see id.* at 2030 (stating that "Justice STEVENS expresses the view that the rule of lenity applies to this case because there is no legislative history reflecting any legislator's belief about how the money-laundering statute should apply to lottery operators") (*citing id.* at 2032-33). As the plurality recognized, "[s]ince his vote is necessary to our judgement, and since his opinion rests upon the narrower ground, the Court's holding is limited... ," to the holding "... that 'proceeds' means 'profits' when there is no legislative history to the contrary." 128 S. Ct. at 2031 (*citing Marks v. United States*, 430 U.S. 188, 193 (1977)).

In view of the above discussion, we believe that *Santos* overrules this Court's decision in *United States v. Grasso*, which was relied upon by the District Court in the instant case. *Grasso*, 381 F.3d 160, 169 (3d Cir.2004) (holding that " 'proceeds,' as that term is used in the money laundering statute,

means gross receipts [from illegal activity] rather than profits").

As this amendment does not change the original disposition by the panel, the date of the original judgment date will not be altered.

By the Court,

_____/s/ Jane R. Roth_____
Circuit Judge

Dated: July 21, 2008